**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2768-21

JENNIFER ISRAEL,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and OMNI KIDS, INC.,

     Respondents.

_____

Submitted October 17, 2023 – Decided November 22, 2023

Before Judges Haas and Gooden Brown.

On appeal from the Board of Review, Department of Labor, Docket No. 166534.

Forman, Cardonsky & Tsinman, LLC, attorneys for appellant (Samuel Tsinman, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Sookie Bae-Park, Assistant Attorney General, of counsel; Gina Labrecque, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Jennifer Israel appeals from the March 30, 2022, final agency decision of the Board of Review (Board), Department of Labor and Workforce Development, reversing a decision by the Appeal Tribunal (Tribunal) that upheld her claim for unemployment benefits. We affirm.

We discern these facts from the record. Israel was employed from January 29, 2017, through November 10, 2017, as a teacher for Omni Kids, Inc. (the employer). On November 10, 2017, the employer advised Israel that due to parent complaints, she would be temporarily placed in a different classroom with older children to receive mentoring and training for about two months or until her performance improved. The temporary assignment, which was memorialized in writing, would result in a decrease in Israel's hours from 35 hours per week to 22.5 hours per week, with no change in her pay rate. Although Israel agreed to the temporary assignment, after November 10, 2017, she only returned to work once to pick up her final paycheck. At that time, the employer advised her that the opportunity was still available, but Israel did not respond. Israel never contacted the employer to discuss any concerns about the temporary assignment.

Israel subsequently applied for unemployment benefits. On December 18, 2017, a Deputy for the Director of the Division of Unemployment and Disability

2

Insurance (Deputy) found Israel eligible for benefits as of November 12, 2017, without disqualification. Nearly one year later, on November 8, 2018, the employer filed an untimely appeal of the Deputy's determination to the Tribunal, explaining that it did not receive the Deputy's determination and arguing that Israel should be disqualified from receiving benefits because she left the job voluntarily without good cause. A telephonic hearing was conducted on December 6, 2018, before the Tribunal. The employer participated in the hearing, but Israel did not.

Following the hearing, the Tribunal determined the employer established good cause for the untimely filing of the appeal. The employer's witness had testified that the employer had two separate business addresses. Although the employer did not receive the Deputy's initial determination, it received a denial of relief of charges on October 29, 2018, prompting the filing of the November 8, 2018, appeal. Based on the testimony elicited at the hearing, the Tribunal also found that Israel was disqualified for benefits as of November 12, 2017, for leaving work voluntarily without good cause attributable to the work. See N.J.S.A. 43:21-5(a) (providing that a person is not qualified to receive unemployment compensation benefits if he or she "left work voluntarily without good cause attributable to such work . . . .").

3

Israel appealed the Tribunal's decision to the Board, and, on March 8, 2019, the Board remanded the matter for rehearing because Israel did not receive proper notice of the December 6, 2018, hearing date. Both the employer and Israel participated in the second hearing conducted on April 1, 2019. During the hearing, Israel testified she left because of the financial hardship caused by the reduction in her hours. Contrary to the employer's testimony, Israel stated that although she asked, she was not told the length of the temporary assignment. It was undisputed, however, that when Israel was hired, the employer was aware that she did not have teaching "credentials." Nonetheless, Israel was allowed to teach pre-school aged children after she was observed in the classroom by State officials and the employer's staff.

On April 2, 2019, the Tribunal issued a new decision, reaffirming its prior finding that the employer's untimely filing of the appeal was excused for good cause, see N.J.S.A. 43:21-6(b)(1), but concluding that no disqualification arose under N.J.S.A. 43:21-5(c) because the work offered to Israel "was not suitable" and Israel "had good cause for refusal of the work." The Tribunal explained that

> [a]lthough [Israel] did accept the change in her position, she did not return back to work because the change would have resulted in a cut in her pay[,] which would have caused her a financial hardship. Here, the change in positions constitutes a substantial change and

4

was not covered under the existing employment agreement . . . .

Thereafter, the employer appealed to the Board. In a decision dated August 12, 2019, the Board adopted the Tribunal's findings of fact, agreed that the employer's filing of a late appeal was excusable, and agreed with the Tribunal that no disqualification arose under N.J.S.A. 43:21-5(c) as Israel "did not refuse an offer of suitable work without good cause." However, the Board disqualified Israel for benefits because "she left the work voluntarily without good cause attributable to such work in accordance with N.J.S.A. 43:21-5(a)."

The Board explained:

> While we understand that the reduced hours may have presented a financial challenge for [Israel], she never discussed this issue with the employer. Instead, she just stopped showing up for work. Perhaps if she gave the employer an opportunity to address this issue, they may have decided on another alternative for [Israel] in order to keep her employed and avoid [Israel] joining the ranks of the unemployed. [Israel] could have filed for partial unemployment benefits and continued to work. However, she did not give the employer a reasonable opportunity to address any issues or concerns she had before she left the work voluntarily.[1]

---

[1] The Board noted that the employer believed Israel was trainable and wanted to keep her employed.

Israel appealed the Board's decision to this court. On the Board's motion, on August 25, 2020, we remanded "for a new agency hearing on the merits." On April 21, 2021, the Board "reopen[ed] the matter, set[] aside its prior decision, and remand[ed]" to the Tribunal "for a new hearing and decision on the merits." On June 8, 2021, a third hearing was conducted by the Tribunal. Although not indicated on the Board's remand order, the Tribunal stated that the matter was remanded "for audible testimony." Only Israel and her attorney participated in the June 8, 2021, hearing, during which, for the first time, Israel testified that she was informed by the employer that her hours were being reduced because "[b]usiness was slow," as opposed to any needed training.

On June 9, 2021, the Tribunal issued its decision, based on testimony adduced at all three hearings. Once again, the Tribunal found good cause for the employer's late filing of the appeal and concluded that no disqualification arose under N.J.S.A. 43:21-5(c) because "the work was not suitable and [Israel] had good cause for refusal of the work." The Tribunal explained that "the change in positions constitute[d] a substantial change and was not covered under the existing employment agreement and would have created a hardship for [Israel]."

The employer appealed the Tribunal's decision to the Board, challenging the Tribunal's assessment of the suitability of the temporary assignment offered to Israel. See N.J.A.C. 12:20-4.1(a) (providing that the submission of a written statement specifying that a party is aggrieved by or dissatisfied with a Tribunal's decision "shall be deemed to be an appeal"). In a supporting June 15, 2021, letter to the Board, the employer argued that the temporary assignment with its attendant "training and mentorship" was offered "to help . . . Israel not only improve, but to also retain her position in the classroom." Instead, after indicating her agreement to the temporary assignment, "Israel chose to abandon her job" and reject the training opportunity without any further discussion. In a January 24, 2022, letter, Israel's attorney urged the Board to disregard the employer's June 15, 2021, letter, asserting that the employer was precluded from "provid[ing] additional testimony by way of the appeal" because the employer failed to participate in the hearing before the Tribunal.

In a March 30, 2022, decision, the Board agreed with the Tribunal that the employer's late filing of the appeal was excused for good cause, but reversed the Tribunal's decision that no disqualification arose under N.J.S.A. 43:21-5(c). After adopting the Tribunal's findings of fact, the Board explained:

> [T]he . . . Tribunal found that the work was not suitable as there was a substantial change that was not covered

under the existing employment agreement. However, the change was only going to be temporary in order to provide [Israel] with additional training due to complaints received by the employer from a few parents. The purpose of the temporary change was to improve [Israel's] job performance and skills. Therefore, the work was not considered unsuitable. [Israel] could have filed for partial unemployment benefits to supplement her income during this temporary training period. Furthermore, [Israel] made no attempt to discuss her concerns regarding this temporary change with the employer. Hence, [Israel] is disqualified for benefits from November 05, 2017[,] through December 02, 2017[,] as she refused an offer of suitable work without good cause in accordance with N.J.S.A. 43:21-5(c).

This appeal followed.

On appeal, Israel raises the following points for our consideration:

I. THE BOARD OF REVIEW IMPROPERLY CONCLUDED THAT EMPLOYER'S APPEAL WAS FILED LATE WITH GOOD CAUSE IN ACCORDANCE WITH N.J.S.A. 43:21-6(B)(1), AS THE RECORD CONTAINED INSUFFICIENT EVIDENCE TO SUPPORT SAME.

II. THE BOARD OF REVIEW IMPROPERLY CONCLUDED THAT CLAIMANT IS DISQUALIFIED FOR BENEFITS FROM NOVEMBER 5, 2017 THROUGH DECEMBER 2, 2017 AS SHE REFUSED AN OFFER OF SUITABLE WORK WITHOUT GOOD CAUSE IN ACCORDANCE WITH N.J.S.A. 43:21-5(C), AS THE RECORD CONTAINED INSUFFICIENT EVIDENCE TO SUPPORT SAME.

A-2768-21

The scope of our review of an administrative agency's final decision is limited. Brady v. Bd. of Rev., 152 N.J. 197, 210 (1997); see also Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) ("Judicial review of agency determinations is limited."). We will disturb an agency's decision

> only if we determine that the decision is "arbitrary, capricious or unreasonable" or is unsupported "by substantial credible evidence in the record as a whole." In determining whether an agency action is arbitrary, capricious, or unreasonable, we examine:
>
> > (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 302 (App. Div. 2022) (citations omitted) (first quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980); and then quoting In re Carter, 191 N.J. 474, 482-83 (2007)).]

The party challenging the administrative action bears the burden of making the requisite showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

Although we "must defer to an agency's expertise and superior knowledge of a particular field," In re Carter, 191 N.J. at 483 (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)), we are "in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue." Allstars Auto Grp., Inc., 234 N.J. at 158 (alteration in original) (quoting Dep't of Children & Fams. v. T.B., 207 N.J. 294, 302 (2011)).

Pertinent to this appeal, under N.J.S.A. 43:21-5(c), "[a]n individual shall be disqualified for benefits" if "it is found that the individual has failed, without good cause, . . . to accept suitable work when it is offered."

> For purposes of this subchapter, "good cause" means any situation over which the claimant did not have control or which was so compelling as to prevent the claimant from accepting work. In order to establish good cause, the claimant must have made a reasonable attempt to remove the restrictions pertaining to the refusal.
>
> [N.J.A.C. 12:17-11.4.]

N.J.S.A. 43:21-5(c) delineates the following factors in evaluating work suitability:

> (1) In determining whether or not any work is suitable for an individual, consideration shall be given to the degree of risk involved to health, safety, and morals, the individual's physical fitness and prior training, experience and prior earnings, the individual's length of unemployment and prospects for securing local work in

A-2768-21

the individual's customary occupation, and the distance of the available work from the individual's residence. . . .

(2) Notwithstanding any other provisions of this chapter, no work shall be deemed suitable and benefits shall not be denied under this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions: the position offered is vacant due directly to a strike, lockout, or other labor dispute; the remuneration, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality; or, the individual, as a condition of being employed, would be required to join a company union or to resign from or refrain from joining any bona fide labor organization.

[N.J.S.A. 43:21-5(c) (emphasis added).]

See also N.J.A.C. 12:17-11.1.

N.J.A.C. 12:17-11.5(a)(3) defines "new work" as "[a]n offer of work made by an individual's present employer of substantially different duties, terms or conditions of employment from those he or she agreed to perform in his or her existing contract of hire." When determining whether an assignment will constitute "new work," the court may consider "the employer's change of hours or shift, job duties, location, salary, benefits, work environment and health and safety conditions." Ibid. Importantly, the consequences of refusing to accept suitable "new work" has significant implications regarding the time frame for

11

disqualification.  See N.J.S.A. 43:21-5(c) (limiting disqualification period to four weeks).

N.J.S.A. 43:21-6(b)(1) prescribes time frames for filing a timely appeal. Under N.J.S.A. 43:21-6(b)(1), an employer's appeal from an initial determination of eligibility shall be filed within ten days of the mailing of the determination, or within seven days of the receipt of the determination.  Late appeals may only be considered on the merits "if it is determined that the appeal was delayed for good cause."  N.J.A.C. 12:20-4.1(h).  "Good cause" exists where it is shown that:

> 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
>
> 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.
>
> [Ibid.]

As a threshold matter, we reject Israel's challenge to the Board's finding that the employer's late filing of its appeal of the Deputy's determination was excused for good cause.  The Board's decision is not arbitrary, capricious, or unreasonable, and is supported by substantial credible evidence in the record as a whole.  See R. 2:11-3(e)(1)(D).

Next, the record amply supports the Board's decision that Israel was disqualified for benefits under N.J.S.A. 43:21-5(c) because she failed to accept suitable work offered by the employer without good cause. Contrary to Israel's contentions, the record supports the Board's findings that Israel rejected the employer's offer of a temporary assignment to another classroom where she would receive training and mentorship to improve her job performance and address parent complaints. Although Israel's work hours would have been temporarily reduced, her rate of pay would remain the same. Israel claimed she could not withstand the financial hardship resulting from the reduced work hours. However, Israel made no attempt to negotiate an alternative resolution or discuss her financial hardship with the employer before quitting. As such, Israel failed to demonstrate that her refusal of the temporary assignment was with good cause. "[G]ood cause does not ordinarily exist when a person gives up partial employment for none at all." Zielenski v. Bd. of Rev., 85 N.J. Super. 46, 53 (App. Div. 1964).

Furthermore, notwithstanding the reduced hours and concomitant salary reduction, we disagree with Israel's assertion that the temporary assignment constituted "involuntary termination" or "was unsuitable" under the statutory and regulatory provisions. See N.J.S.A. 43:21-5(c); N.J.A.C. 12:17-11.5(a)(3).

13

An unemployed claimant, receiving benefits, may be justified in refusing a job referral at materially lower wages on the theory that the claimant should have a reasonable opportunity to seek work in line with his [or her] demonstrated earning capacity. This reasoning does not apply where the claimant is gainfully employed and could have continued working until he [or she] found a better job.

[Zielenski, 85 N.J. Super. at 53.]

Israel's precipitous decision to quit rather than accept a temporary reduction in hours and pay, without the prospect of employment elsewhere, was objectively unreasonable and at odds with her concern of financial hardship.

In sum, given our highly deferential standard of review, we discern no reason to interfere with the Board's decision. To the extent we have not specifically addressed any of Israel's arguments, they are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2768-21